PAUL BLAZEVICH, IN PRO PER
c/o METROPOLITAN CORRECTIONAL CENTER
REGISTER NUMBER 73823-198
808 UNION STREET, 9TH FLOOR
SAN DIEGO, CALIFORNIA 92101

PETITIONER, IN PROPRIA PERSONA

FILED
AUG 5 2010
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY [signature] DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

'10 CV 1648 DMS JMA

| | |
|---|---|
| PAUL BLAZEVICH,<br><br>PETITIONER,<br><br>VERSUS<br><br>FERNANDO ARRIOLA, WARDEN,<br><br>RESPONDENT | CASE NO. ______<br>(99CR0471-IEG; 03CV1346-IEG)<br><br>NOTICE OF:<br>EMERGENCY PETITION FOR A WRIT OF HABEAS CORPUS [28 USC SECTION 2241] AND MOTION FOR IMMEDIATE RELEASE<br><br>JUDGE: HONORABLE IRMA GONZALEZ<br>COURTROOM: ONE<br>DATE:<br>TIME: |

PLEASE TAKE NOTICE THAT PAUL BLAZEVICH PETITIONS THIS COURT TO ISSUE A WRIT OF HABEAS CORPUS UNDER 28 USC 2241, AND OTHERWISE MOVES THIS COURT TO IMMEDIATELY RELEASE HIM PENDING RESOLUTION OF THE MATTER, AT THE COURT'S EARLIEST CONVENIENCE, OR AT SUCH TIME AS MAY BE SET BY THE COURT

UK RESPECTFULLY SUBMITTED,

[signature] 31 JULY 2010
PAUL BLAZEVICH, PETITIONER, PRO SE

PAUL BLAZEVICH, IN PRO PER
C/O METROPOLITAN CORRECTIONAL CENTER
REGISTER NUMBER 73823-198
808 UNION STREET, 9TH FLOOR
SAN DIEGO, CALIFORNIA 92101

PETITIONER, IN PROPRIA PERSONA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL BLAZEVICH<br><br>PETITIONER<br><br>VERSUS<br><br>FERNANDO ARRIOLA, WARDEN,<br><br>RESPONDENT | CASE NO. ____________<br>(99CR0471-IEG; 03CV1346-IEG)<br><br>EMERGENCY PETITION FOR A WRIT OF HABEAS CORPUS [28 U.S.C. SECTION 2241]<br>AND<br>MOTION FOR IMMEDIATE RELEASE<br><br>JUDGE: HONORABLE IRMA GONZALEZ<br>COURTROOM: ONE<br>DATE:<br>TIME: |

PETITIONER, PAUL BLAZEVICH, PURSUANT TO 28 U.S.C. 2241, ASKS THIS COURT TO ISSUE A WRIT OF HABEAS CORPUS (OR IN THE PENDENCY OF THE PETITION, TO IMMEDIATELY RELEASE PETITIONER UNTIL RESOLUTION OF THE MATTER). THIS PLEADING IS MADE ON THE GROUND THAT PETITIONER IS ACTUALLY INNOCENT OF A SENTENCING ENHANCEMENT.

THIS PLEADING IS BASED ON THE RECENT COURT OF APPEALS CASE STYLED AS GILBERT V U.S., NO. 09-12513 (6/21/2010),

ALONG WITH THE FILES AND RECORDS OF THIS CASE AND THE UNDERLYING CASES (NUMBERS 99CR0471-IEG AND 03CV1346-IEG), ON THE NOTICE OF MOTION AND THE MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT FILED HEREWITH, AND ON ANY OTHER DOCUMENTARY EVIDENCE OR ORAL TESTIMONY AND ARGUMENT WHICH MAY BE ACCEPTED BY THIS COURT AT THE TIME OF HEARING ON THE MATTER, IF A HEARING IS REQUIRED.

RESPECTFULLY SUBMITTED,

[signature] 31 JULY 2010

PAUL BLAZEVICH, PETITIONER, PRO SE
C/O METROPOLITAN CORRECTIONAL CENTER
REGISTER NUMBER 73823-198
808 UNION STREET, 9TH FLOOR
SAN DIEGO, CALIFORNIA 92101

PAUL BLAZEVICH, IN PRO PER
C/O METROPOLITAN CORRECTIONAL CENTER
REGISTER NUMBER 73823-198
808 UNION STREET, 9TH FLOOR
SAN DIEGO, CALIFORNIA, 92101

PETITIONER, IN PROPRIA PERSONA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL BLAZEVICH,<br><br>PETITIONER,<br><br>VERSUS<br><br>FERNANDO ARRIOLA, WARDEN,<br><br>RESPONDENT. | CASE NO. ____________<br>(99CR0471-IEG; 03CV1346-IEG)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EMERGENCY PETITION FOR A WRIT OF HABEAS CORPUS [28 USC SECTION 2241]<br>AND<br>MOTION FOR IMMEDIATE RELEASE<br><br>JUDGE: HONORABLE IRMA GONZALEZ<br>COURTROOM: ONE<br>DATE:<br>TIME: |

PETITIONER, PAUL BLAZEVICH, SUBMITS THE FOLLOWING POINTS AND AUTHORITIES IN SUPPORT OF HIS (1) EMERGENCY PETITION FOR A WRIT OF HABEAS CORPUS AND (2) MOTION FOR IMMEDIATE RELEASE.

# TABLE OF CONTENTS


| | | PAGE |
|---|---|---|
| I. | BACKGROUND | 1 |
| II. | LEGAL STANDARDS | 5 |
| III. | ARGUMENT | 6 |
| | A. "[PETITIONER] IS ENTITLED TO RELIEF UNDER 2241 FROM HIS ENHANCED SENTENCE BECAUSE HE IS ACTUALLY INNOCENT OF HIS SENTENCING ENHANCEMENT, AND HIS CONTINUED INCARCERATION FOR THE ILLEGAL ENHANCEMENT IS A MISCARRIAGE OF JUSTICE." * | 6 |
| IV. | CONCLUSION | 11 |


* QUOTING THE SECTION TITLE IN THE RECENT COURT OF APPEALS OPINION OF GILBERT V U.S., NO. 09-12513 (JUNE 21, 2010).

# I. BACKGROUND

PETITIONER RECEIVED A FIVE LEVEL "PATTERN OF ACTIVITY" ENHANCEMENT UNDER 2G2.2 BASED ON THIS COURT'S FINDING THAT A PERSON KNOWN IN THE PROCEEDINGS AS "PTPO-H" WAS A MINOR AT THE TIME SHE WAS PHOTOGRAPHED IN THE NUDE BY PETITIONER. THE COURT MADE THIS FINDING DESPITE THE FACT IT WAS BROUGHT UP AT SENTENCING THAT PETITIONER PHOTOGRAPHED PTPO-H'S PROOF OF AGE, AND DESPITE THE GOVERNMENT BEING IN POSSESSION OF ALL OF PETITIONER'S PHOTOGRAPHIC MATERIAL. THE ENHANCEMENT CAUSED A 46 MONTH INCREASE, NEARLY DOUBLING PETITIONER'S SENTENCE.[2] THEREAFTER, PETITIONER UNSUCCESSFULLY ARGUED AGAINST THE APPLICATION OF THE ENHANCEMENT ON APPEAL.

PETITIONER SUBSEQUENTLY FILED A MOTION UNDER 28 USC 2255 ALLEGING, AMONG OTHER THINGS, THAT THE GOVERNMENT WAS WITHHOLDING EXCULPATORY EVIDENCE (I.E., THE SEIZED NEGATIVE FILMSTRIP CONTAINING PTPO-H'S PROOF OF AGE) IN VIOLATION OF <u>BRADY V MARYLAND</u>. PETITIONER ALSO ASSERTED IN HIS 2255 PLEADINGS THAT THE GOVERNMENT'S WITHHOLDING OF THE INFORMATION ON THE NEGATIVE FILMSTRIP WAS TANTAMOUNT TO WITHHOLDING BOTH THE IDENTITY AND TESTIMONY OF A WITNESS FAVORABLE TO THE DEFENSE. IN SUPPORT OF HIS 2255 MOTION, PETITIONER FILED A SWORN AFFIDAVIT STATING THAT HE PERSONALLY PHOTOGRAPHED PTPO-H'S PROOF OF AGE, AND THAT IT WAS ON THE SAME NEGATIVE FILMSTRIP CONTAINING PTPO-H'S NUDE PICTURES SEIZED BY THE GOVERNMENT. THE GOVERNMENT RESPONDED BY SUBMITTING AN EX PARTE DECLARATION FROM A CUSTOM'S AGENT, STATING THAT HE HAD AND LOOKED AT THE PTPO-H NEGATIVE FILMSTRIP, BUT THAT IT CONTAINED NOTHING EXCULPATORY.[1]

---

1. THE SUBMISSION OF THIS AGENT'S DECLARATION ABOUT WHAT IS DEPICTED ON PHOTOGRAPHIC MATERIAL, WITHOUT ATTACHING A COPY OF THE ORIGINAL, WAS IN VIOLATION OF THE "BEST EVIDENCE RULE," FED.R.EVID. 1002.

2. THIS COURT FOUND THAT THE ENHANCEMENTS IN PETITIONER'S CASE HAD TO BE PROVED BY CLEAR AND CONVINCING EVIDENCE.

DESPITE THE FACT THAT PETITIONER'S ALLEGATIONS, IF TRUE, WOULD HAVE ENTITLED PETITIONER TO RELIEF, THIS COURT REFUSED TO HOLD AN EVIDENTIARY HEARING AND DENIED HABEAS RELIEF BASED SOLELY ON THE CUSTOM'S AGENT'S VEHEMENTLY DISPUTED, CONFLICTING EX PARTE DECLARATION ABOUT WHAT WAS DEPICTED ON THE FILMSTRIP. — WITHOUT EVEN LOOKING AT THE FILMSTRIP TO CONCLUSIVELY RESOLVE THE DISPUTE. THIS LEFT PETITIONER BOTH UNABLE TO PROVE HIS CLAIMS, AND UNABLE TO IDENTIFY OR LOCATE PTPO-H.[2]

PETITIONER APPEALED ON THE CERTIFIED QUESTION OF WHETHER THE DISTRICT COURT ERRED IN FAILING TO HOLD AN EVIDENTIARY HEARING ON PETITIONER'S CLAIM THAT THE GOVERNMENT IS WITHHOLDING EVIDENCE IN VIOLATION OF <u>BRADY V MARYLAND.</u> HOWEVER, THE GOVERNMENT IN ITS RESPONSE BRIEF MISLEAD THE NINTH CIRCUIT BY SUGGESTING THE FILMSTRIP WAS NEVER SEIZED BY THE GOVERNMENT. BELIEVING THE PROSECUTOR'S MISREPRESENTATION, THE NINTH CIRCUIT DENIED RELIEF. (THIS DENIAL OCCURRED AFTER PETITIONER WAS RELEASED FROM PRISON).

UNDAUNTED, PETITIONER IMMEDIATELY RENEWED HIS EFFORTS TO GET THIS COURT TO FORCE THE GOVERNMENT TO DISCLOSE PTPO-H'S PROOF OF AGE AND IDENTITY, THIS TIME IN A MOTION RELATED TO HIS SUPERVISED RELEASE. AT THE HEARING, THE PROSECUTOR TRIED TO MISLEAD THIS COURT, AGAIN SUGGESTING THE FILMSTRIP WAS NEVER SEIZED. PETITIONER IN RESPONSE DIRECTED THE COURT'S ATTENTION TO THE SWORN DECLARATION OF THE CUSTOMS AGENT (DOC. #232) WHO STATED HE HAD AND LOOKED AT THE FILMSTRIP. FINALLY, THIS COURT ORDERED THE PROSECUTOR TO PRODUCE THE FILMSTRIP FOR AN IN CAMERA REVIEW (DOC. #379).

2. THE REFUSAL TO HOLD AN EVIDENTIARY HEARING BASED SOLELY ON THE EX PARTE DECLARATION OF A CUSTOMS AGENT, ALLOWED THAT CUSTOMS AGENT — AND NOT THE COURT — TO BE THE SOLE TRIER OF FACT IN PETITIONER'S HABEAS ACTION (I.E, THE REFUSAL ALLOWED A ONE-SIDED, SELF-SERVING, EX PARTE <u>NON-JUDICIAL</u> DETERMINATION OF THE MERITS OF PETITIONER'S HABEAS ACTION).

IN RESPONSE TO THIS COURT'S ORDER, THE PROSECUTOR DID NOT TAKE THE 10 SECONDS IT WOULD HAVE REQUIRED TO PRODUCE THE FILMSTRIP FOR AN IN CAMERA REVIEW, BUT RATHER CLEARLY SPENT DAYS PREPARING PAGES AND PAGES OF A RESPONSE EXPLAINING ITS ARGUMENT THAT THE GOVERNMENT SHOULD NOT EVER HAVE TO SHOW THE EVIDENCE IT SEIZES TO ANYONE (DOC. 381). THIS COURT BOUGHT INTO THE GOVERNMENT'S ARGUMENT, AND REVERSED ITS PRIOR ORDER REQUIRING THE GOVERNMENT TO PRODUCE THE FILMSTRIP.

PETITIONER EVENTUALLY SERVED ALL BUT TWO MONTHS OF HIS THREE YEARS OF SUPERVISED RELEASE WHEN HE BY PURE CHANCE RECOGNIZED PTPO-H WALKING DOWN THE STREET, AFTER NOT SEEING HER FOR APPROXIMATELY 15 YEARS. PETITIONER INTRODUCED HIMSELF TO PTPO-H (NOW KNOWN AS YOLANDA DIAZ) AND SHE NOT ONLY REMEMBERED PETITIONER, BUT ALSO VIVIDLY REMEMBERED THE EVENTS OF THE DAY THAT PETITIONER PHOTOGRAPHED HER IN THE NUDE. WITH PTPO-H IDENTIFIED AND LOCATED, PETITIONER WAS ABLE TO ASSEMBLE AND PRESENT TO THIS COURT IN A LODGMENT OF EXHIBITS IN SUPPORT OF A MOTION TO TERMINATE HIS SUPERVISED RELEASE (WITH OTHER EVIDENCE AS DOC. #408), THE FOLLOWING EXHIBITS:

1) A NOTARIZED AFFIDAVIT FROM PTPO-H STATING THAT SHE WAS 19 YEARS OLD IN THE PHOTOGRAPHS AT ISSUE, WHICH SHE BASED ON A VARIETY OF FACTS;[3]

2) A NOTARIZED AFFIDAVIT FROM PTPO-H'S MOTHER, STATING THAT HER DAUGHTER RECEIVED A CERTAIN TATTOO (WHICH APPEARS IN THE NUDE PHOTOGRAPHS AT ISSUE) <u>AFTER</u> HER DAUGHTER TURNED 18 YEARS OLD.

3. IT IS NOTEWORTHY THAT PTPO-H'S AFFIDAVIT STATES PETITIONER PHOTOGRAPHED HER PROOF OF AGE WHEN THE NUDE PHOTOGRAPHS WERE TAKEN (SUPPORTING THE FACT THAT THE PROOF OF AGE IS ON THE FILMSTRIP).

3) A COPY OF PTPO-H'S DMV IDENTIFICATION CARD (CONNECTING YOLANDA DIAZ'S NAME TO HER FACE);
4) RECENT PICTURES OF YOLANDA DIAZ WITH HER TATTOOS (CONNECTING YOLANDA DIAZ'S FACE TO HER TATTOOS);
5) AN ORIGINAL PHOTOGRAPH FROM THE PTPO-H PHOTOGRAPHS USED TO ENHANCE PETITIONER'S SENTENCE, WHICH PHOTOGRAPH WAS INADVERTANTLY RETURNED TO PETITIONER BY THE GOVERNMENT, THEN REDACTED BY PETITIONER (CONNECTING, BY WAY OF PTPO-H'S TATTOOS, YOLANDA DIAZ TO PTPO-H — I.E., PROVING THAT "PTPO-H" IS IN FACT YOLANDA DIAZ).[4]

IN RESPONSE, THE PROSECUTOR FILED AN OPPOSITION TO PETITIONER'S MOTION TO TERMINATE HIS SUPERVISED RELEASE, BUT DID NOT SERVE THE PETITIONER WITH THE OPPOSITION. THIS COURT THEREAFTER DENIED PETITIONER'S MOTION.

PETITIONER WAS SUBSEQUENTLY RE-INCARCERATED UPON A FINDING OF A SUPERVISED RELEASE VIOLATION. PETITIONER IS PRESENTLY INCARCERATED AT THE METROPOLITAN CORRECTIONAL CENTER IN SAN DIEGO, WITH A RELEASE DATE OF AUGUST 18, 2010.

THIS COURT RECENTLY DECLINED TO REVIEW A SECOND IN TIME HABEAS PETITION, BECAUSE IT WAS NOT AUTHORIZED UNDER 2244 BY THE COURT OF APPEALS.

4. AT THE APRIL 26, 2010, REVOCATION HEARING, THE PROSECUTOR RECCOMMENDED AN INCREASE IN PETITIONER'S SENTENCE FOR POSSESSING A PTPO-H PHOTOGRAPH, SUGGESTING IT WAS CHILD PORNOGRAPHY THAT PETITIONER SUBMITTED AS AN EXHIBIT (EVEN THOUGH IT WAS REDACTED) WHEN THE PROSECUTOR WAS WELL AWARE OF THIS NEW EVIDENCE, A COPY OF WHICH WAS IN HIS FILE, AND IN LIGHT OF THE FACT THAT THE PROSECUTOR HAD ALREADY SENT AN IMMIGRATION AND CUSTOMS ENFORCEMENT AGENT TO VERIFY THE AUTHENTICITY OF PETITIONER'S EXHIBITS AND CLAIMS. WHILE THIS COURT DECLINED TO ADDRESS THE PTPO-H ISSUE AT THE HEARING, HAD IT DONE SO, PETITIONER'S ATTORNEY HAD PTPO-H SITTING OUTSIDE OF THE COURTROOM THAT DAY READY TO TESTIFY.

NONETHELESS, THE PROSECUTOR'S ADMISSION THAT THIS EXHIBIT IS AN ORIGINAL PTPO-H PHOTOGRAPH IS SIGNIFICANT, BECAUSE IT AUTHENTICATED THE PHOTOGRAPH AS BEING FROM THE ORIGINAL PTPO-H SERIES. NOW, IT IS NO LONGER NECESSARY FOR THE GOVERNMENT TO PRODUCE THE PTPO-H PHOTOGRAPHS, BECAUSE WITH THAT PHOTOGRAPH AUTHENTICATED, THE FILES AND RECORDS OF THE CASE CONCLUSIVELY PROVE, BY WAY OF HER TATTOOS, THAT PTPO-H IS YOLANDA DIAZ.

# II. LEGAL STANDARDS

REGARDING THE AVAILABILITY OF RELIEF UNDER 28 U.S.C. SECTION 2241, THE NINTH CIRCUIT IN STEPHENS V HERRERA, 464 F3D 895, 897 (9TH CIR. 2006):

> "THE GENERAL RULE IS THAT A MOTION UNDER 28 U.S.C. SECTION 2255 IS THE EXCLUSIVE MEANS BY WHICH A FEDERAL PRISONER MAY TEST THE LEGALITY OF HIS DETENTION. THE ONE EXCEPTION TO THE GENERAL RULE IS WHAT WE HAVE CALLED THE 'ESCAPE HATCH' OF 2255. THE ESCAPE HATCH PERMITS A FEDERAL PRISONER TO 'FILE A HABEAS CORPUS PETITION PURSUANT TO 2241 TO CONTEST THE LEGALITY OF A SENTENCE WHERE HIS REMEDY UNDER 2255 IS 'INADEQUATE OR INEFFECTIVE TO TEST THE LEGALITY OF HIS DETENTION.'"

(INTERNAL CITATIONS OMITTED).

THE EVIDENCE IN PETITIONER'S CASE SHOWING HIS INNOCENCE OF THE ENHANCEMENT WAS OBTAINED AFTER THE ABILITY TO TEST THE LEGALITY OF HIS DETENTION UNDER 2255 HAD EXPIRED. THIS NEW EVIDENCE IS NEITHER BASED ON A NEW RULE OF CONSTITUTIONAL LAW, NOR WOULD IT HAVE LEAD TO A NOT GUILTY VERDICT UNDER 2255(h). ACCORDINGLY, "2255 IS 'INADEQUATE OR INEFFECTIVE TO TEST THE LEGALITY OF [PETITIONER'S] DETENTION,'" AND 2241 IS AVAILABLE.

# III. ARGUMENT

"[PETITIONER] IS ENTITLED TO RELIEF UNDER 2241 FROM HIS ENHANCED SENTENCE BECAUSE HE IS ACTUALLY INNOCENT OF HIS SENTENCING ENHANCEMENT, AND HIS CONTINUED INCARCERATION FOR THE ILLEGAL ENHANCEMENT IS A MISCARRIAGE OF JUSTICE."[5]

THE FACTS OF GILBERT V UNITED STATES, NO. 09-12513 (11TH CIR. 6/21/2010) ARE STRIKINGLY SIMILAR TO PETITIONER'S CASE. BOTH GILBERT AND PETITIONER RECEIVED A SENTENCING ENHANCEMENT WHICH REQUIRED TWO PREDICATE OFFENSES (IN GILBERT'S CASE, TWO OCCURRANCES OF VIOLENT FELONY CONVICTIONS; IN PETITIONER'S CASE, TWO OCCURANCES OF THE SEXUAL EXPLOITATION OF A MINOR).[6] BOTH GILBERT AND PETITIONER RAISED THEIR CLAIM THAT THEIR SENTENCING ENHANCEMENT SHOULD NOT APPLY, BOTH ARGUING THERE WAS NO BASIS FOR ONE OF THE TWO PREDICATES FOR THEIR ENHANCEMENTS. BOTH GILBERT AND PETITIONER ARGUED AGAINST APPLICATION OF THEIR ENHANCEMENT AT SENTENCING, ON APPEAL, IN A FEDERAL HABEAS ACTION, AND IN A SECOND HABEAS ACTION WHICH THEY BOTH CHARACTERIZED AS A "FIRST" MOTION UNDER 28 U.S.C. 2255, WITH BOTH OF THEM LEFT WITH THE POSSIBILITY OF FILING A SUCCESSFUL SUCCESSIVE HABEAS PETITION FORECLOSED BY THE LANGUAGE IN 2255(h).[7]

---

5. QUOTING THE SECTION TITLE IN THE OPINION OF GILBERT V US, NO. 09-12513 (11TH CIR. 6/21/10).

6. IN GILBERT, THIS WAS THE "CAREER OFFENDER" ENHANCEMENT UNDER U.S.S.G. 4B1.1; WHILE IN PETITIONER'S CASE, IT WAS THE "PATTERN OF ACTIVITY" ENHANCEMENT UNDER U.S.S.G. 2G2.2.

7. IN PETITIONER'S CASE, ALTHOUGH PETITIONER HAS LODGED WITH THE COURT NEW EVIDENCE PROVING HE INNOCENT OF THE CONDUCT TRIGGERING THE ENHANCEMENT [DOC. #408], THAT EVIDENCE WOULD NOT HAVE LEAD TO A NOT-GUILTY VERDICT AS REQUIRED BY 28USC 2255(h), AND FOR THAT REASON, A SUCCESSIVE HABEAS PETITION IS UNAVAILABLE TO PETITIONER.

IN GILBERT, THERE WAS A CHANGE IN LAW WHICH RENDERED THE SECOND PREDICATE OFFENSE "NON EXISTENT;" IN PETITIONER'S CASE, NEW EVIDENCE PROVES THE CONDUCT UNDERLYING THE SECOND PREDICATE OFFENSE WAS LEGAL, ALSO RENDERING THE SECOND PREDICATE OFFENSE "NON EXISTENT."[8]

LASTLY, BOTH GILBERT AND PETITIONER SPENT YEARS IN PRISON FOR A SENTENCING ENHANCEMENT BASED UPON A NON-EXISTENT OFFENSE.

UNDER THESE FACTS, AND FOLLOWING SUPREME COURT AND OTHER CIRCUIT LAW, THE COURT OF APPEALS IN GILBERT FOUND THAT IMMEDIATE RELIEF WAS AVAILABLE UNDER 28 U.S.C. 2241:

> "THAT GILBERT IS ENTITLED TO NO RELIEF FROM AN ILLEGAL SENTENCE CANNOT BE THE LAW. THE COMMON LAW TRADITION OF THE "GREAT WRIT" CANNOT BE SO MORIBUND, SO SHACKLED BY THE CHAINS OF PROCEDURAL BARS AND RIGID GATEKEEPING THAT THIS COURT IS NOT AUTHORIZED TO GRANT RELIEF TO ONE WHO IS 'IN CUSTODY IN VIOLATION OF THE CONSTITUTION OR LAWS OR TREATIES OF THE UNITED STATES.'"

ID. AT 8.[9]

8. WHILE THE GILBERT COURT DEALT WITH A CHANGE IN LAW, WHICH IN TURN CAUSED THE ENHANCEMENT TO BE BASED ON A "NON-EXISTENT OFFENSE," ANY DISTINCTION IN PETITIONER'S CASE IS WITHOUT A DIFFERENCE. PETITIONER IS IN PRISON NOW, AND IS GOING TO BE SUBJECT TO SUBSTANTIAL RESTRICTIONS IN HIS FREEDOM AFTER HIS RELEASE, BECAUSE OF AN ENHANCEMENT BASED ON A "NON-EXISTENT OFFENSE." INDEED, THE PRESENT DETENTION IN PETITIONER'S CASE IS MORE EGREGIOUS THAN IN GILBERT, SINCE PETITIONER'S ENHANCEMENT TRIGGERING CONDUCT, UNLIKE IN GILBERT, WAS **ALWAYS** LEGAL UNDER THE LAW.

9. THE PAGE NUMBERS STATED FROM GILBERT, ARE FROM THE ORIGINAL OPINION'S PDF FILE.

WHILE PETITIONER ASSERTS THAT HIS PRESENT INCARCERATION PRESENTS A CONSTITUTIONAL CLAIM, SEE FIORE V WHITE, 531 US 225, 228-229 (2001) ("DUE PROCESS VIOLATED FOR INCARCERATING PRISONER FOR ENGAGING IN LEGAL CONDUCT"), RELIEF IS STILL AVAILABLE, EVEN IF PETITIONER'S IS VIEWED AS A NON-CONSTITUTIONAL CLAIM.

> "THE SUPREME COURT HAS LONG MADE CLEAR THAT EVEN NON-CONSTITUTIONAL CLAIMS ARE COGNIZABLE ON COLLATERAL ATTACK WHERE THE PETITIONER ALLEGES A 'FUNDAMENTAL DEFECT WHICH INHERENTLY RESULTS IN A MISCARRIAGE OF JUSTICE.'"

GILBERT AT 11, (CITING THROUGH IN RE DAVENPORT, 147 F3D 605, 609 (7TH CIR. 1998), DAVIS V U.S. 417 US 333, 346 (1974), QUOTING HILL V U.S., 368 U.S. 424, 429 (1962)).

THE GILBERT PANEL WENT ON TO FIND, AT PAGE 9 OF THEIR OPINION:

> "UNDER CERTAIN CIRCUMSTANCES, THE WITHDRAWAL OF ALL JUDICIAL REVIEW FROM A SUCCESSIVE MOTION UNDER SECTION 2255 MAY CAUSE SERIOUS CONSTITUTIONAL ISSUES [SUCH AS] WHERE A PETITIONER HAS A CLAIM WHICH GOES TO THE FUNDAMENTAL LEGALITY OF HIS [DETENTION], AND FOR WHICH HE HAS NO PRIOR OPPORTUNITY TO OBTAIN A RELIABLE JUDICIAL DETERMINATION, SERIOUS CONSTITUTIONAL ISSUES MIGHT ARISE IF THE SUCCESSIVE BAR IN 2255 FORECLOSED ALL RELIEF."

"We Read The 'Savings Clause' Of Section 2255 - Permitting Traditional Habeas Relief By Petition Under 2241 When It 'Appears That The Remedy By Motion Under 2255 Is Inadequate Or Ineffective To Test The Legality Of The Federal Prisoner's Detention,' As Saving Section 2255 From Such Serious Constitutional Problems (Quoting 2255)."

Gilbert, At 9-10; In Re Davenport, 147 F3d 605, 611 (7th Cir. 1998) (Same); In Re Dorsainvil, 119 F3d 245, 248 (3rd Cir. 1997) (Same); Triestman v U.S., 124 F3d 361, 363 (2nd Cir. 1997) (Same).

In Terms Of The "Actual Innocence" Exception, That Doctrine Extends Not Only To Capital Sentences, Sawyer v Whitley, 505 US 337 (1992), But Also To Non-Capital Sentences As Well. Spence v Superintendent, 219 F3d 162 (2nd Cir 2000); U.S. v Mikalajunas, 186 F3d 490, 496 (4th Cir. 1999); Haley v Cockrell, 306 F3d 257, 264 (5th Cir. 2002), vacated on other grounds, Dretke v Haley, 541 US 386 (2004); Gilbert v U.S., No. 912513 (11th Cir 2010).

"'In Capital Sentencing Cases, The Jury Has Determined Guilt, And When Aggravating Factors Are Present, The Sentence Is Enhanced To One Of Death. In Non-Capital Enhancement Cases, The Length Of A Defendant's Sentence May Be Aggravated By Factors Specified By The Statute, Or The Guidelines. Hence, A Defendant In Either A Capital Or Non-Capital Case Would, Unless Excepted From The Procedural Bar, Suffer The Same General Consequence (An Enhanced Sentence) For Being Held Responsible For An Act Of Which He Or She Is Actually Innocent.'" Id. at 16 (citations omitted).

PETITIONER AGAIN POINTS OUT THAT HIS CASE PARALLELS GILBERT:

"FOR FEDERAL SENTENCING PURPOSES, THE ACT OF BEING A CAREER OFFENDER [OR IN PETITIONER'S CASE, ENGAGING IN A PATTERN OF ACTIVITY] IS ESSENTIALLY A SEPARATE OFFENSE, WITH SEPARATE ELEMENTS (TWO VIOLENT FELONY CONVICTIONS) [IN PETITIONER'S CASE, (TWO OCCURANCES OF THE SEXUAL EXPLOITATION OF A MINOR)] WHICH MUST BE PROVED, FOR WHICH SEPARATE AND ADDITIONAL PUNISHMENT IS PROVIDED. GILBERT [AND IN PETITIONER'S CASE, PETITIONER] REMAINS IN JAIL TODAY BECAUSE HE WAS FOUND GUILTY OF THE 'OFFENSE' OF BEING A CAREER OFFENDER [AND IN PETITIONER'S CASE, OF ENGAGING IN A PATTERN OF ACTIVITY INVOLVING THE SEXUAL EXPLOITATION OF A MINOR]."

ID. AT 14. INDEED, THE SEXUAL EXPLOITATION OF A MINOR IS A SEPARATE OFFENSE. SEE 18 USC 2251. IN CONCLUDING THAT 2241 RELIEF IS AVAILABLE, GILBERT STATED:

"THE ANIMATING PRINCIPLE UNDERLYING THE WRIT OF HABEAS CORPUS IS FUNDAMENTAL FAIRNESS. ENGLE V ISAAC, 456 U.S. 107, 126 (1982). EVEN AS SUBSTANTIAL ROADBLOCKS TO COLLATERAL REVIEW OF PROCEDURALLY BARRED CLAIMS HAVE BEEN ERECTED, THE SUPREME COURT HAS CONSISTENTLY RECOGNIZED THAT EXCEPTIONS TO THESE RULES OF UNREVIEWABILITY MUST EXIST TO PREVENT VIOLATIONS OF FUNDAMENTAL FAIRNESS. ID. AT 135. THE PRINCIPLE OF FINALITY 'MUST YIELD TO THE IMPERATIVE OF CORRECTING A FUNDAMENTALLY UNJUST INCARCERATION.' ID. [PETITIONER'S] SENTENCE ENHANCEMENT FOR A NONEXISTENT OFFENSE WAS FUNDAMENTALLY DEFECTIVE AND HIS INCARCERATION FOR THAT ENHANCEMENT IS A MISCARRIAGE OF JUSTICE. HE IS ENTITLED TO RELIEF UNDER 2241."

ID. AT 19.

# IV. CONCLUSION

DESPITE THE GOVERNMENTS BEST EFFORTS TO KEEP THE IDENTITY OF PTPO-H SECRET, PETITIONER FOUND PTPO-H. NOW THE FILES AND RECORDS OF THE CASE CONCLUSIVELY PROVE: (1) THAT PTPO-H WAS AN ADULT AT THE TIME PETITIONER PHOTOGRAPHED HER IN THE NUDE, (2) THAT PETITIONER IS INNOCENT OF THE CONDUCT WHICH TRIGGERED THE "PATTERN OF ACTIVITY" ENHANCEMENT, AND (3) PETITIONER WOULD NOT BE INCARCERATED TODAY, BUT FOR THAT INAPPLICABLE ENHANCEMENT.

BECAUSE OF THE LATENESS OF THE DISCOVERY OF PTPO-H'S IDENTITY BY PETITIONER, AND THE CORRELATIVE LATENESS OF FILING OF THE EXCULPATORY EXHIBITS — WHICH LATENESS WAS NO FAULT OF PETITIONER'S, — 2255 IS NO LONGER AVAILABLE TO TEST THE LEGALITY OF PETITIONER'S DETENTION. ACCORDINGLY, PETITIONER IS ENTITLED TO RELIEF UNDER 28 USC 2241.

WHEREFORE, PETITIONER ASKS THIS COURT FOR AN ORDER:

1) ISSUING A WRIT OF HABEAS CORPUS;
2) DECLARING THAT PETITIONER'S INITIAL RELEASE FROM PRISON, AND THE END OF HIS SUPERVISED RELEASE SHOULD HAVE BEEN 46 MONTHS EARLIER; OR IN THE ALTERNATE,
3) IMMEDIATELY RELEASING PETITIONER PENDING RESOLUTION OF THE PETITION

RESPECTFULLY SUBMITTED,

[signature] 31 JULY 2010

PAUL BLAZEVICH, PETITIONER, PROSE
808 UNION STREET, REGISTER 73823198
SAN DIEGO, CALIFORNIA 92101

PAUL BLAZEVICH, IN PRO PER
C/O METROPOLITAN CORRECTIONAL CENTER
REGISTER NUMBER 73823-198
808 UNION STREET, 9TH FLOOR
SAN DIEGO, CALIFORNIA 92101

PETITIONER, IN PROPRIA PERSONA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL BLAZEVICH,<br><br>PETITIONER,<br><br>VERSUS<br><br>FERNANDO ARRIOLA, WARDEN<br><br>RESPONDENT. | CASE NO. ______<br>(99CR0471-IEG; 03CV1346-IEG)<br><br>PROOF OF SERVICE |

I, PAUL BLAZEVICH, DECLARE:

1. I AM OVER THE AGE OF 18 YEARS, AND AM THE PETITIONER IN THE ABOVE CAPTIONED ACTION.

2. ON JULY 31, 2010, I SERVED UPON THE PARTIES IN THIS CASE, THE FOLLOWING DOCUMENTS:

1) NOTICE OF EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS [28 U.S.C. SECTION 2241] AND MOTION FOR IMMEDIATE RELEASE;
2) EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS [28 U.S.C. SECTION 2241] AND MOTION FOR IMMEDIATE RELEASE;
3) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS [28 U.S.C. 2241] AND MOTION FOR IMMEDIATE RELEASE.

BY PLACING TRUE COPIES INTO A SEALED ENVELOPE, POSTAGE FULLY PREPAID, AND DEPOSITING THEM WITHIN THE PRISON'S MAIL SYSTEM ON JULY 31, 2010, ADDRESSED TO:

MATTHEW GARDNER, AUSA
C/O U.S. ATTORNEY'S OFFICE
880 FRONT STREET
SAN DIEGO, CALIFORNIA
92101

JERRY SIES, ESQ.
ATTORNEY AT LAW
POST OFFICE BOX 811416
LOS ANGELES, CALIFORNIA
90081

I DECLARE UNDER THE PENALTY OF PERJURY AND PURSUANT TO THE LAWS OF THE UNITED STATES THAT THE FOREGOING IS TRUE AND CORRECT, AND THAT THIS DOCUMENT WAS EXECUTED ON JULY 31, 2010.

[signature]

PAUL BLAZEVICH
C/O METROPOLITAN CORRECTIONAL CENTER
REGISTER NUMBER 73823-198
808 UNION STREET, 9TH FLOOR
SAN DIEGO, CALIFORNIA 92101

31 JULY 2010

CLERK OF THE COURT
U.S. DISTRICT COURTHOUSE
940 FRONT STREET
SAN DIEGO, CALIFORNIA 92101

RE: BLAZEVICH V ARRIOLA (NEW 28 USC 2241 FILING)

TO WHOM IT MAY CONCERN:

PLEASE FILE THE ENCLOSED EMERGENCY PETITION FOR HABEAS CORPUS AT YOUR EARLIEST CONVENIENCE. PLEASE GIVE THE MATTER EXPEDITED PROCESSING. I AM SEEKING IMMEDIATE RELEASE BASED ON THE FACT THAT NEW EVIDENCE PROVES I AM PRESENTLY INCARCERATED FOR ENGAGING IN PERFECTLY LEGAL CONDUCT.

THANK YOU FOR YOUR ATTENTION TO MY REQUESTS.

SINCERELY YOURS,

[signature]

PAUL BLAZEVICH

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Paul Blazevich

**DEFENDANTS**
Arriola

'10 CV 1648 DMS JMA

**(b)** County of Residence of First Listed Plaintiff **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

FILED
AUG 5 2010
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Paul Blazevich
808 Union St.
San Diego, CA 92101
73823-198

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☒ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity):**
**28:2241**
Brief description of cause:
**federal habeas**

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE
8/5/10

~~SIGNATURE OF ATTORNEY OF RECORD~~

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______